UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| FREEMAN IRBY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | Cause No. 3:16-cv-222 |
| vs. | ) |  |
|  | ) |  |
| RON NEAL, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **OPINION AND ORDER**

Freeman Irby, a *pro se* prisoner, submitted a complaint alleging that he was provided with deficient medical care while housed at the Indiana State Prison. (DE 1.) Pursuant to 28 U.S.C. § 1915A, I must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Under federal pleadings standards, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original) (citations omitted). Instead, the plaintiff must provide sufficient factual matter to state a claim that is plausible on its face. *Ray v. City of Chicago*, 629 F.3d 660, 662–63 (7th Cir. 2011) (internal quotation marks and citations omitted).

Irby alleges that on September 11, 2015, he got into an altercation with another inmate and, as a result, one of his fingertips was severed. (DE 1 at 5.) He informed

Officer Bass about his injury. (*Id.*) Officer Bass quickly placed the finger tip in a moist paper towel and put it in a bag of ice, and Irby was then seen by Nurse Sue Whelm who had Irby taken to an outside hospital. (*Id.*) At the hospital, the doctors informed Irby that his finger tip could not be reattached because it was put directly on ice, which damaged the nerves. (*Id.*) Irby alleges that Superintendent Ron Neal, Nurse Sue Whelm, Officer Bass, and Indiana Department of Correction Commissioner Bruce Lemmon were negligent in failing to preserve his severed finger, and he seeks money damages. (*Id.*)

In cases involving the provision of medical care to prisoners, the United States Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, . . . [knew] that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citation omitted). It is not enough to show that a defendant failed to act reasonably or was negligent. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995); *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000). Instead, the official must have "actually [known] of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citation omitted).

The standard for medical professionals is virtually the same. "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must

2

make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (internal quotation marks and citations omitted).

Here, Irby has not alleged facts showing deliberate indifference by anyone and therefore has not alleged a constitutional claim. He admits he was immediately attended to by Officer Bass and Nurse Whelm, who quickly sent him to an outside hospital for treatment. (DE 1 at 5.) Although he claims that medical personnel were negligent in failing to specify the proper procedure for preserving Irby's severed fingertip, Irby has not pleaded facts that even remotely suggest that any of the defendants acted with the deliberate indifference required to make out a constitutional claim.

Even if he had, Irby's official capacity claims against Superintendent Neal and Commissioner Lemmon would fail to state a viable claim for the additional reason that suits against state actors in their official capacities must allege the existence of an unconstitutional official policy and practice. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Irby's complaint contains no allegations of such a policy or practice.

Notwithstanding the shortcomings in Irby's current complaint, he may file an amended complaint if he thinks that he can plausibly allege a constitutional claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013). If he decides to do so, he should get a blank copy of this court's complaint form from the law library and write the cause number for this case in the caption on the first page. In the amended complaint, Irby should

be sure to address the deficiencies noted in this order, and he should explain in his own words what happened, when it happened, and where it happened, providing as much detail as possible.

Accordingly, Freeman Irby is **GRANTED** until **January 9, 2017**, to file an amended complaint and is **CAUTIONED** failure to file an amended complaint by that date will result in dismissal of this case without further notice pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

ENTERED: December 5, 2016.

s/ Philip P. Simon
CHIEF JUDGE
UNITED STATES DISTRICT COURT
