# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| FREEMAN IRBY, | ) |
| Plaintiff, | ) |
| | ) Cause No. 3:16-cv-222 |
| v. | ) |
| RON NEAL, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

Freeman Irby, a *pro se* prisoner, has filed an amended complaint alleging he received inadequate medical treatment at the Indiana State Prison. (DE 14.) Pursuant to 28 U.S.C. § 1915A, I must review prisoner complaints and dismiss any that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Under federal pleading standards, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Instead, the plaintiff must provide sufficient factual matter to state a claim that is plausible on its face. *Ray v. City of Chicago*, 629 F.3d 660, 662-63 (7th Cir. 2011). That said, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Irby, who was housed at the minimum security unit at ISP, brings suit for money damages against Nurse Sue Whelm, Officer C. Bass, Corizon, and Superintendent Ron Neal, alleging that the defendants failed to provide him with adequate medical treatment, resulting in the loss of a fingertip. (DE 14 at 1.) Irby alleges that on September 11, 2015, one of his fingertips was severed. (*Id.* at 2.) Because there was no medical staff at the minimum security unit, Irby approached Bass about the injury, but Bass did not know what to do. (*Id.*) Bass quickly placed the fingertip in a moist paper towel, put it in a bag of ice, and called Whelm, who was in the main building. (*Id.*) Bass then took Irby to see Nurse Whelm. (*Id.*) Irby alleges that Whelm noticed that the severed finger was not prepared or stored correctly to be reattached yet failed to correct the mistake. (*Id.* at 2–3.) Irby was later informed that his fingertip could not be reattached because it was put directly on ice, which damaged the nerves. (*Id.* at 2.)

In medical cases, the U.S. Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant [knew] that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citation omitted). "Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate

2

indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995).

Irby has alleged a plausible claim against Nurse Whelm. "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Irby alleges that, when Whelm saw his severed finger packed in ice, she knew that it was inappropriately stored but did nothing. Giving Irby the inferences to which he is entitled at this stage, he has alleged enough to proceed on an Eighth Amendment claim against Whelm.

Irby's claims against the other defendants do not fare as well. He alleges that, when he was seen by Officer Bass, Bass did not know what to do, immediately tried to preserve the severed finger by placing it on ice, and then sent Irby to see Whelm. Although Irby complains that Bass did not know to preserve the severed finger, lack of knowledge is insufficient to demonstrate deliberate indifference. The allegations against Bass do not to the level of a constitutional violation.

Nor has Irby plausibly alleged a claim against Corizon, the private company that employs the medical staff at ISP. "Private corporations acting under color of state law,

may, like municipalities, be held liable for injuries resulting from their policies and practices." *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)). However, Irby does not allege facts from which it can be plausibly inferred that Corizon had an unconstitutional practice or policy that caused his injury. Thus, the complaint fails to state a claim against Corizon.

Finally, Irby has failed to allege a claim against Superintendent Ron Neal. He is shown in the caption as a defendant, but the complaint never mentions him again and neither suggests that he was personally involved in the provision of medical care to Irby nor knew about what had happened with Irby's finger. Irby's original complaint was similarly silent about Neal's role, alleging no personal involvement at all and saying only that he "was & is responsible for ensuring the safety of every prison inmate" at the prison. This is insufficient to allege a plausible claim against Neal. "A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008); *accord George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Because there is no indication that Ron Neal was personally involved, Irby has not stated a claim against him.

**Accordingly**:

(1) Irby is **GRANTED** leave to proceed on an Eighth Amendment claim for money damages against Whelm in her individual capacity for denying Irby adequate medical care by failing to properly preserve his severed fingertip on September 11, 2015;

(2) all other claims are **DISMISSED**, and Corizon, Neal, and Bass are **DISMISSED** as defendants;

(3) the Clerk and the United States Marshals Service are **DIRECTED**, pursuant to 28 U.S.C. § 1915(d), to issue and serve process on Whelm; and

(4) Whelm is **ORDERED**, pursuant to 42 U.S.C. § 1997e(g)(2), to respond, as provided for in the Federal Rules of Civil Procedure and Local Rule 10.1, only to the claim for which Irby has been granted leave to proceed.

**SO ORDERED.**

ENTERED: May 30, 2017.

s/ Philip P. Simon
JUDGE, UNITED STATES DISTRICT COURT